IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TOMMY BURNS,

      Appellant,

v.                                                                          Case No.  5D15-3419

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed May 6, 2016

3.850 Appeal from the Circuit Court
for Orange County,
Jenifer M. Davis, Judge.

Tommy F. Burns, Indiantown, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Appellee.

COHEN, J.

      Tommy Burns appeals the summary denial of his motion for postconviction relief

filed pursuant to Florida Rule of Criminal Procedure 3.850. Burns claims that trial

counsel affirmatively misadvised him that the sentences for his two convictions would

run concurrently, however, the Department of Corrections is requiring he serve the

sentences consecutively. He alleges that his plea was therefore not voluntary and that

he would not have entered it but for counsel's misadvice.

The trial court ruled that Burns's motion was untimely filed. The State properly concedes this ruling was erroneous. Additionally, the sentencing orders attached to the trial judge's order do not refute the allegations raised.

Burns was sentenced in the two cases on separate days. The trial judge attached the sentencing orders from both cases. The trial court[1] specified in the first case that the sentence was to run concurrently to any and all active sentences. The second case, which is the subject of this appeal, does not designate how the sentence was to be served. As a result, pursuant to section 921.16, Florida Statutes (2012), the sentence is to be served consecutively. While the attachments might reflect the trial judge's intent, it does not address the issue of counsel's alleged misadvice.

We reverse and remand for the trial court to either attach portions of the record refuting Burns's allegations or in the alternative, hold an evidentiary hearing.

REVERSED AND REMANDED.

ORFINGER and EDWARDS, JJ., concur.

---

[1] Judge Wayne Wooten imposed the sentences.